

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand nineteen.

Present:
        RICHARD C. WESLEY,
        DEBRA ANN LIVINGSTON,
        JOSEPH F. BIANCO,
            *Circuit Judges.*
_____

NICOLE JONES,

        *Plaintiff-Appellant*,

      v.                                                                                 18-1159

TARGET CORPORATION,

        *Defendant-Appellee*.
_____

| | |
|---|---|
| For Plaintiff-Appellant: | LORAINE M. CORTESE-COSTA, Law Offices of Loraine Cortese-Costa, Old Saybrook, CT |
| For Defendant-Appellee: | ALNISA BELL (Scott Rabe, *on the brief*), Seyfarth Shaw LLP, New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Nicole Jones appeals from a judgment granting defendant Target Corporation's ("Target") motion for summary judgment and dismissing her complaint. Jones primarily alleged discrimination, retaliation, and creation of a hostile work environment in violation of Title VII. Target's main defense was that Jones was lawfully terminated for violating the company's Drug-Free Workplace Policy. On appeal, Jones solely presses her retaliation and hostile work environment claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review a district court's grant of summary judgment *de novo*, construing the facts and taking all reasonable inferences in favor of the non-moving party. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010). Summary judgment may only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

I. **Retaliation**

Title VII prohibits "discriminat[ing] against any . . . employee . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). Retaliation claims under Title VII are evaluated under the familiar *McDonnell Douglas* three-step burden-shifting analysis. *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). Like the district court, we presume that Jones has established a *prima facie* case and that Target's proffered reason for terminating Jones—her possession of marijuana on

2

store property in violation of company policy—is legitimate, bypassing the first two steps of the *McDonnell Douglas* framework. *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 187–88 (2d Cir. 2006) (bypassing first step of *McDonnell Douglas* framework). Accordingly, we proceed to the third step, where "the presumption of retaliation dissipates and the employee must show that retaliation was a substantial reason for the adverse employment action." *Jute*, 420 F.3d at 173. "[W]hen considering the legitimacy of an employer's reason for an employment action, we look to 'what "*motivated*" the employer' rather than to 'the truth of the allegations against [the] plaintiff' on which it relies." *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 275 (2d Cir. 2016) (quoting *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006)).

Jones primarily contends that Lou Vigliotti, the Executive Team Leader for Human Resources who ultimately fired her, either possessed retaliatory motives himself or failed to render a decision independent of the discriminatory motives of her immediate supervisor, Ja'Monte White. Neither contention has merit.

As to Jones's claim that she adduced sufficient evidence of retaliatory motive on Vigliotti's part, she relies upon inconsistencies between Vigliotti's testimony at his deposition in this case and testimony before the New York State Unemployment Insurance Appeal Board ("UIAB"). Assuming, *arguendo*, that we may consider his UIAB testimony, Vigliotti only equivocated on a tangential question: whether he showed Jones the video that purportedly showed her dropping a bag of marijuana in the staff locker room. That is irrelevant to our analysis. *See Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013) ("A plaintiff may prove that retaliation was a but-for cause of an adverse employment action by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions *in the employer's proffered*

3

*legitimate, nonretaliatory reasons for its action*." (emphasis added)). Indeed, before the UIAB, Vigliotti affirmed that he reviewed the video both before and after Jones dropped the bag to ensure that no other employee interacted with it and that he independently confirmed that the bag contained marijuana. This is consistent with the evidence presented to the district court.

The rest of Jones's assertions are unsupported by the record. She offers no basis for her bald assertion that White framed her by planting the marijuana and attributing it to her. Her related assertion that bad faith may be imputed to Vigliotti because he disposed of the marijuana before showing it to her is similarly unfounded. And to the extent she asserts for the first time on appeal that Vigliotti himself harbored retaliatory animus because Jones had complained about his failure to address her prior complaints, we see no reason to consider that waived claim. *In re Anderson*, 884 F.3d 382, 388 (2d Cir. 2018). In sum, even taking every reasonable inference in her favor, Jones "adduces no sufficient evidence to show that these proffered reasons are pretextual," so no reasonable jury could conclude that she was terminated on an illegitimate basis. *McPherson*, 457 F.3d at 215–16 & n.4 ("[S]peculation alone is insufficient to defeat a motion for summary judgment.").

Jones asserts a "cat's paw" argument as to her second claim that Vigliotti's termination decision was not independent. "[T]he 'cat's paw' metaphor . . . 'refers to a situation in which an employee is fired or subjected to some other adverse employment action by a supervisor who himself has no discriminatory motive, but who has been manipulated by a subordinate who does have such a motive and intended to bring about the adverse employment action.'" *Vasquez*, 835 F.3d at 272 (quoting *Cook v. IPC Int'l Corp.*, 673 F.3d 625, 628 (7th Cir. 2012)). That "metaphor" is inapt here. Assuming, *arguendo*, that White had a retaliatory motive, he merely turned over the package of marijuana to Vigliotti, thereby triggering the investigation that led to

4

Jones's termination. Jones has adduced no evidence that his involvement extended beyond that. Vigliotti himself reviewed the surveillance video and determined that Jones dropped the package and that no other employee interacted with it before White recovered it. While an independent investigation does not necessarily insulate a defendant from liability, it does where, as here, it "results in an adverse action for reasons unrelated to the supervisor's original biased action." *See Staub v. Proctor Hosp.*, 562 U.S. 411, 420–22 (2011).

## II. Hostile Work Environment

"[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (quotation marks and citation omitted). This rule applies to *pro se* litigants as well if the magistrate's report and recommendation "explicitly states that failure to object . . . will preclude appellate review." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992). Because the waiver rule is non-jurisdictional, failure to object may be excused "in the interests of justice." *Roldan*, 984 F.2d at 89.

The magistrate judge's recommendation explicitly stated that the parties had fourteen days to object and that failure to object waived further review. While Jones did file a timely objection, it did not reference her hostile work environment claim. That claim is only cursorily referenced in her untimely objection filed over two weeks after the time to file had expired. Moreover, that untimely second objection did not preserve her claim. Not only was it a "bare statement, devoid of any reference to specific findings or recommendations to which [she] objected and why, and unsupported by legal authority," *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002), but, in context, she does not seem to be referring to her hostile work environment claim at

5

all. Rather, even construing her objection liberally, she appears to be explaining the contents of a complaint she made to Vigliotti during a meeting that preceded her termination. Nor does her claim have "substantial merit" such that the interests of justice militate in favor of excusing her waiver. *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). Accordingly, her hostile work environment claim has been waived.

\* \* \*

We have considered Jones's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit